# UNITED STATES DISTRICT COURT

## District of Montana

## Butte Division

| | |
|---|---|
| Montana Fair Housing, Inc., ) | |
| ) | |
| Plaintiff, ) | Case No. 2:12-CV-00012-SEH |
| versus ) | |
| ) | CONSENT ORDER |
| Overlook Place Condominium Unit ) | |
| Owners Association, Inc., Saddle View ) | |
| Properties, LLC, Overlook ) | |
| Condominium Development, L.P. ) | |
| (a/k/a Overlook Condominiums, LLC), ) | |
| John Does 1-3, and  Yellowstone ) | |
| Heritage Construction, ) | |
| ) | |
| Defendants. ) | |
| ) | |

## CONSENT ORDER

1.   This Consent Order is entered between Plaintiff Montana Fair Housing, Inc.

(MFH), and Defendant Saddle View Properties, LLC for itself and on behalf

of Overlook Place Condominium Unit Owners Association, Inc., (hereafter

collectively known as the "Overlook Defendants") and Yellowstone

Heritage Construction ("Yellowstone").   Saddle View Properties, LLC

l

assumed the obligations of Overlook Condominium Development, L.P., which no longer has an ownership interest in the subject property. Therefore, Overlook Condominium Development, L.P. is no longer a necessary party to this action.

2.     This action was brought by Montana Fair Housing as an aggrieved party against the Defendants to enforce the provisions of and vindicate the rights of MFH and its associates, staff and constituents under Title VIII of the Civil Rights Act of 1968 ("the Fair Housing Act"), as amended by the Fair Housing Amendments Act of 1988, 42 U.S.C. §§ 3601-3619 and under the fair housing provisions of the Montana Human Rights Act, Mont. Code Ann., Title 49, Part 2, Chapter 3.

3.     The MFH Complaint alleges that Defendants, individually and/or in one combination or another, discriminated against persons with disabilities by failing to design and construct covered multifamily dwellings at the properties commonly known as the Overlook Place Condominiums, located on 700/720 Haggerty Lane in Bozeman, Montana, in accordance with the accessibility requirements set forth in 42 USC §3604(f)(3)(C) of the Fair Housing Act and Section 49-2-305(5)(c), M.C.A.

4.     The parties agree that design and construction of the Overlook Place
       Condominiums Project was subject to the accessibility requirements of the
       Fair Housing Act and Montana Human Rights Act.

5.     MFH is a nonprofit Montana corporation organized under the laws of
       Montana with its principal place of business located at Butte, Montana.
       MFH has specific organizational purposes and goals to promote equal
       opportunity in the development and sale and renting and availability of
       housing on a nondiscriminatory basis and to eliminate all forms of illegal
       housing discrimination in the state of Montana.

6.     The Defendant Overlook Place Condominium Unit Owners Association,
       Inc., is not presently a necessary party to this case and only signs and
       remains a party to this Consent Order in the event that, prior to the dismissal
       of this case in accordance with this Order, it may acquire a degree of control
       or ownership that affects the Agree Remediation Plan, attached hereto as
       Exhibit 1, at the Overlook Properties.

7.     Defendant Saddle View Properties, LLC (Saddle View), is the successor to
       and the party responsible for Overlook Condominium Development, L.P., an
       earlier owner and developer of the Overlook Properties, for purposes of this
       case and this Consent Order.

3

8.    Defendant Yellowstone Heritage Construction (Yellowstone) was the builder and contractor and subcontractor responsible for the construction of the Overlook Properties.

9.    The Fair Housing Act provides that, for non-elevator residential buildings with four or more dwelling units, all ground-floor units that were designed and constructed for first occupancy after March 13, 1991 are "covered units" and must include certain basic features to make such units accessible by a person who has or who develops a disability. 42 U.S.C. §§ 3604(f)(3)(C) and (f)(7)(B).

10.   The accessibility design and construction provisions of the Fair Housing Act require that for covered multifamily dwellings: (i) the public use and common use portions of such dwellings are readily accessible to and usable by persons with a disability; (ii) all the doors designed to allow passage into and within all premises within such dwellings are sufficiently wide to allow passage by persons with a disability using wheelchairs; and (iii) all premises within such dwellings contain the following features: (I) an accessible route into and through the dwelling; (II) light switches, electrical outlets, thermostats, and other environmental controls in accessible locations; (III) reinforcements in bathroom walls to allow later installation of grab bars; and

4

(IV) usable kitchens and bathrooms such that an individual using a wheelchair can maneuver about the space. 42 U.S.C. § 3604(f)(3)(C). These features are referred to herein as the "Accessible Design Requirements."

11.    The accessibility design and construction provisions of the fair housing provisions of the Montana Human Rights are intended to be the same as or substantially equivalent to the same requirements under the federal Fair Housing Act.  The term "housing accommodations" as used in the Montana Human Rights Act is intended to be the same or substantially equivalent to the term "dwellings" as used in the federal Fair Housing Act for purposes of accessible design and construction.

12.    Conditions at the Overlook Properties as of the filing of the complaint in this case did meet many, but not all, of the accessibility requirements set forth in 42 USC §3604(f) and §49-2-305, MCA.

13.    Saddle View and Yellowstone have agreed to bring the Overlook Place Condominiums into compliance with the Fair Housing Act and the Montana Human Rights Act as set forth herein and MFH agrees that such conduct does bring the Overlook Place Condominiums into compliance with the Fair Housing Act and the Montana Human Rights Act.

5

14. This Court has jurisdiction over the subject matter of this case pursuant to 28 U.S.C. §§1331 and 1345, and 42 U.S.C. §§3613 and the controversy at issue in this matter should be resolved without further proceedings and without a trial.

15. By their counsels' signatures below, the parties hereto have requested that the Court should enter an Order in this matter as set forth below.

**It is hereby ADJUDGED, ORDERED and DECREED:**

16. MFH has identified all features of the Overlook Place Condominiums it contends do not meet the accessibility requirements of the Fair Housing Act or the accessibility requirements of the Montana Human Rights Act. To address those deficiencies, Saddle View and Yellowstone shall be jointly and severally obligated to complete the actions described in the Agreed Remediation Plan, attached as Exhibit 1.

17. Exhibit 1 (Agreed Remediation Plan) reflects the plans and specifications identifying the design of remediation actions necessary (a) to provide an accessible entrance on an accessible route into each of the covered multifamily dwellings at the subject property and to provide an accessible

6

route into the storage units at the subject property  and (b) the Plaintiff's

expert, Gina Hilberry, AIA, of Cohen-Hilberry Architects, St. Louis,

Missouri, has reviewed those plans and specifications and approved the

design of those specific remediation actions provided the remediation

construction activities are performed in accordance with those Plans and

Specifications for Providing Accessible Routes and Entrances to Covered

Dwellings and Storage Units, attached hereto as Exhibit 2.

18.  On or before  June 30, 2014 , the Defendants will complete each of the

actions identified in Exhibit 1, which requires (a) accessible entrances on an

accessible route into the sixteen (16) covered multifamily dwellings at the

Overlook Properties; (b) an accessible route into the storage units; (c)

accessible environmental controls in accordance with ANSI 4.2.5 and 4.2.6;

(d) accessible door hardware in accordance with ANSI 4.13.9;  (e) on

election of and request by any occupant as provided in the Remediation

Plan, reinforcements to allow later installation of grab bars in bathrooms,

and (f) accessible parking spaces compliant with ANSI 4.6, and an

accessible routes to those spaces consistent with ANSI 4.3 (with signage that

complies with revised ADAAG standards, i.e., 60" from ground to the

7

bottom of the signage) for the sixteen (16) covered multifamily dwellings at the Overlook Properties.

19. Defendants Saddle View and Yellowstone are jointly and individually responsible for all expenses associated with timely completion of the Remediation Plan and will attempt, in good faith, to minimize any inconvenience to the residents of the Overlook Properties during the performance of the Remediation Plan. All modifications and retrofit actions shall be completed so as to comply with the accessibility requirements set forth in ANSI A117.1 or any other "safe harbor" set forth in 24 CFR Part 100 as revised October 24, 2008 [Docket No. FR–5006–F–02].

20. Within 21 days from the date of the entry of this Consent Order, Saddle View shall provide a copy this Consent Order to the occupants of the Overlook Place Condominiums..

21. Defendant Saddle View will notify MFH when the Remediation Plan is complete and, within 30 days thereafter, allow a person designated by MFH to inspect the Overlook Properties for purposes of determining whether the Remediation Plan has been completed in accordance with this Consent Order.

8

22. MFH will set out the results of its inspection, including deficits if any, in writing and shall send that report to Counsel for MFH, Saddle View and Yellowstone. If the inspection indicates that not all of the required remediation actions have been completed, Saddle View and/or Yellowstone will correct any deficiencies within a reasonable period of time, not more than 60 days unless weather conditions do not permit, and will afford MFH the opportunity to conduct an additional inspection to determine if the deficiencies have been corrected. This process shall continue until parties agree that all of the remediation actions have been completed. Once the inspection indicates that all the required remediation actions discussed in Exhibit 1 have been completed, then none of the Defendants have any further obligations under this Consent Order and the Overlook Properties are in compliance with the Fair Housing Act and the Montana Human Rights Act.

23. The Defendants may not charge any additional rent, deposit or other fee for the dwellings in which remediation actions are implemented due exclusively to the contemplated or completed remediation actions.

24.   The Defendants are required to preserve all records related to or concerning this Consent Order and the performance of their obligations hereunder, including Exhibit 3, the Settlement Agreement and Release of All Claims executed by the parties and attached and incorporated herein.

25.   This Consent Order, and its record keeping obligations, shall remain in effect for the sooner of one year after the date of its entry or six months after all remediation actions required by this Consent Order are completed.

26.   MFH, Saddle View and Yellowstone shall endeavor, in good faith, to resolve informally any differences regarding interpretation of and compliance with this Consent Order prior to bringing such matters to the Court for resolution. However, in the event of a failure to perform, in a timely manner, any material obligation required by this Consent Order or consent to the approval of the completion of the remediation actions discussed in Exhibit 1, any party may enforce the terms of this Consent Order by any remedy authorized by law or equity, including, but not limited to, an order requiring performance of an act or deeming an act to have been performed, and an award of any damages, costs, and reasonable attorney's

fees which may have been occasioned by the violation or failure to perform.

27.  Any time limits for performance imposed by this Consent Order may be extended by the mutual written agreement of MFH and Saddle View or Yellowstone. See attached ADDENDUM-1, incorporated by reference.

28.  Upon issuance of this Consent Order, the Court will dismiss the above entitled matter with prejudice.

SO ORDERED THIS 18th day of ~~NOVEMBER~~ December, 2013.

Sam E. Haddon
United States District Judge
District of Montana

11

Agreed to by the parties signing below effective the /3 day of _DEC._ , 2013.

PLAINTIFF:

Timothy C. Kelly, Attorney for Plaintiff
Montana Fair Housing, Inc.

DEFENDANTS:

John M. Kauffman, Attorney for Defendant
Saddle View Properties, LLC

For   Kari Knuchel, Attorney for  Defendant
Yellowstone Heritage Construction

12

# Exhibit 1

## UNITED STATES DISTRICT COURT
### District of Montana
### Butte Division

| | | |
|---|---|---|
| Montana Fair Housing, Inc., | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 2:12-CV-00012-SEH |
| versus | ) | |
| | ) | **Agreed Remediation Plan** |
| Overlook Place Condominium Unit | ) | |
| Owners Association, Inc., et al. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

AGREED REMEDIATION PLAN

Subject to the terms and conditions in the Stipulated Consent Order filed concurrently herewith, Defendants Saddle View Properties, LLC and Yellowstone Heritage Construction (collectively, the "Defendants") will complete the remediation actions listed below on or before June 30, 2014.

**Remediation Actions**

1. <u>Accessible Routes into Covered Dwellings:</u> Correction of current conditions at the Overlook Place Condominiums so as to provide an accessible entrance on an accessible route into the sixteen (16) covered multifamily dwellings,

1

in accordance with the plans and specifications set forth in Exhibit A, attached hereto;

2.   Accessible Storage Units: Correction of current conditions at the Overlook Place Condominiums so as to provide an accessible entrance on an accessible route into the storage units available for residents of the Overlook Place Condominiums, in accordance with the plans and specifications set forth in Exhibit A, attached hereto;

3.   Accessible Environmental Controls: Correction of current conditions so that environment controls in the covered multifamily dwellings are located in accessible locations in accordance with ANSI 4.2.5 and 4.2.6;

4.   Accessible Door Hardware: Replacement of those door knobs that do not comply with ASNI 4.13.9 at the entrances of the covered multifamily dwellings and the storage units with hardware that complies with ANSI 4.13.9;

5.   Accessible Parking: Correction of handicapped accessible parking spaces to comply with ANSI 4.6, and route requirements at ANSI 4.3, with signage that meets revised ADAAG requirements (60" from the ground to the bottom of the sign) as reflected on Exhibit A attached hereto;

2.

6.   Accessible Bathroom Facilities:  (a) Provide written notice to all current occupants of the covered multifamily dwellings at the subject property that grab bars and adequate reinforcement for grab bars are available for all disabled residents and will be installed on request by Saddle View Properties, LLC (Saddle View), in any bathroom in any of the covered multifamily dwellings occupied by a disabled resident; (b)  the written notice shall include the name, location, and phone number of the person to contact to provide and install the grab bars and the adequate reinforcement for grab bars in any bathroom in a covered multifamily dwelling; and (c) provide a copy of the notice to MFH.

# Exhibit 2

## UNITED STATES DISTRICT COURT
### District of Montana
### Butte Division

| | |
|---|---|
| Montana Fair Housing, Inc., | ) |
| | ) |
|                         Plaintiff, | )   Case No. 2:12-CV-00012-SEH |
| versus | ) |
| | )   **Agreed Remediation Plan - Plans** |
| Overlook Place Condominium Unit | )   **and Specifications re Accessible** |
| Owners Association, Inc., et al. | )   **Routes/Entrances to Covered** |
| | )   **Dwellings and Storage Units** |
|                        Defendants. | ) |
| | ) |

**Agreed Remediation Plan - Plans and Specifications re Accessible
Routes/Entrances to Covered Dwellings and Storage Units**

## ATTACHED

















# Exhibit 3

## SETTLEMENT AGREEMENT AND RELEASE OF ALL CLAIMS

Civil Action:   Montana Fair Housing, Inc. *Plaintiff* v. Overlook Place Condominium Unit Owners Association, Inc., Saddle View Properties, LLC, Overlook Condominium Development, L.P. (a/k/a Overlook Condominiums, LLC), John Does 1-3, and  Yellowstone Heritage Construction, *Defendants*   Cause No. 2:12 CV-00012-SEH, Federal District Court, District of Montana.

I.    **RELEASE**

       Subject to the remedies discussed in Section II below and for and in consideration of the covenants and conditions expressed herein, all of which are acknowledged by the parties to this agreement as being good and valuable consideration, Montana Fair Housing, Inc. ("MFH") hereby releases, acquits and forever discharges  Overlook Place Condominium Unit Owners Association, Inc., Saddle View Properties, LLC, Overlook Condominium Development, L.P. (a/k/a Overlook Condominiums, LLC), John Does 1-3, and  Yellowstone Heritage Construction (collectively, the "Defendants") and their respective successors, assigns, shareholders, partners, managers, members and agents of and from any and all actions, causes of action, claims, demands, damages, costs, loss of services, expenses, and compensation, including attorney fees, whether asserted or unasserted, on account of or in any way growing out of, any and all claims, injuries, damages, and losses, known or unknown, existing or which may have arisen out of or related to the incidents and allegations set forth in Cause No. 2:12 CV-00012-SEH, filed in the Federal District Court, District of Montana (the "Civil Action").

II.   **REMEDIES**

       The MFH, Saddle View Properties, LLC and Yellowstone Heritage Construction have submitted to the Court in the Civil Action a Consent Order, together with an Agreed Remediation Plan.   Those parties agree that upon the satisfactory completion of the Agreed Remediation Plan, the improvements that are the subject of the Civil Action will comply with under Title VIII of the Civil Rights Act of 1968 ("the Fair Housing Act"), as amended by the Fair Housing Amendments Act of 1988, 42 U.S.C. §§ 3601-3619 and under the fair housing provisions of the Montana Human Rights Act, Mont. Code Ann., Title 49, Part 2, Chapter 3.   In reaching this agreement, each party hereto understands and agrees that it is each relying wholly upon its own judgment, belief, and knowledge.

III.  **DISMISSAL WITH PREJUDICE**

       The parties hereto mutually agree and stipulate that MFH's Complaint in the Civil Action should be dismissed, with prejudice, upon completion of the remedies discussed in Section II above.

IV.   **CONSENT**

The undersigned further state that they have each carefully read this Settlement Agreement and Release of all Claims ("Settlement Agreement"), that their respective attorneys have explained the contents of this Settlement Agreement in its entirety, and that the undersigned sign this Settlement Agreement voluntarily, it being their intention to be legally bound thereby.

V.   **INTENDED THIRD PARTY BENEFICIARIES**

The undersigned parties intend that the following parties are intended third party beneficiaries of this agreement: Overlook Place Condominium Unit Owners Association, Inc., Saddle View Properties, LLC, Overlook Condominium Development, L.P. (a/k/a Overlook Condominiums, LLC) and the current and future owners and tenants of the property that is the subject of the Civil Action, commonly referred to as the Overlook Condominiums in Bozeman, Montana (the "Overlook Properties").

VI.   **ENTIRE AGREEMENT**

The parties intend that the terms of this Settlement Agreement, together with the Consent Order discussed in Section II above,  shall be and are the final expression of their agreement with respect to the subject matter hereof and may not be contradicted by evidence of any prior or contemporaneous agreement.  The parties further intend that this Settlement Agreement shall constitute the complete and exclusive statement of its terms and that no extrinsic evidence whatsoever may be introduced in any judicial, administrative, arbitration, or other legal proceeding involving this Settlement Agreement.  All prior or contemporaneous representations, agreements, negotiations or understandings regarding the subject matter of this Settlement Agreement are hereby merged and integrated into and superseded by it.

VII.   **COVENANTS, TERMS AND CONDITIONS**

1.   A dispute remains between the parties to this Settlement Agreement on whether the Agreed Remediation Plan referenced in Section II above provides sufficient access to all of the storage units at Overlook Properties.  To resolve this dispute, the parties have agreed that the Agreed Remediation Plan, together with a payment to MFH in the amount of $3,200 in lieu of remediation, resolves the issue.   Such funds may be used by MFH only for assisting persons with disabilities in obtaining equal housing opportunities through reasonable modifications (*see* 42 USC 3604(f)(3)(A)) and/or reasonable accommodations (*see* 42 USC 2604(f)(3)(B) at dwellings/residential units other than at the Overlook Properties.  The payment in this paragraph (1) shall be made within 3 business days of the date MFH provides Saddle View written notice that Saddle View has completed the Agreed Remediation Plan discussed in Section II above

2.   Saddle View and/or Yellowstone shall pay MFH's reasonable attorney's fees and costs up to, but not exceeding, $19,000.

3.   The payments discussed in this Section VII (2) shall be paid within 30 days of the date the Court enters a Consent Order in the Civil Action.  The payments shall be made to

**SETTLEMENT AGREEMENT AND RELEASE**                    Page 2

*Montana Fair Housing, Inc.* and sent to MFH, care of its counsel, Timothy Kelly P.O. Box 65, Emigrant, MT 59027.

## CAUTION: READ BEFORE SIGNING

DATED this ⟨⟨⟩ day of ⟨⟨⟩⟨⟨⟩⟨⟩⟩, 2013.

MONTANA FAIR HOUSING, INC.

By:  Pamela Bean
Its:  Executive Director

STATE OF MONTANA        )
                                         :ss.
County of Gallatin             )

On this ⟨28⟩ day of ⟨October⟩, 2013, before me, a notary public for the state of Montana, personally appeared **PAMELA BEAN**, known to me to be the executive director of MONTANA FAIR HOUSING, INC. and the person whose name is subscribed to the foregoing, and acknowledged to me that she executed the same.  In witness whereof, I hereunto set my hand and affix my official seal the day and year first above written.

Printed Name:  PAM BRASIER
Notary Public for the State of Montana
Residing at ⟨Butte⟩
My Commission Expires: ⟨09-18-2016⟩

PAM BRASIER
NOTARY PUBLIC for the
State of Montana
SEAL / NOTARIAL SEAL
Residing at Butte, Montana
My Commission Expires
September 18, 2016

**SETTLEMENT AGREEMENT AND MUTUAL RELEASE**                                    Page 3

## CAUTION: READ BEFORE SIGNING

DATED this **25** day of _October_, 2013.

SADDLE VIEW PROPERTIES, LLC.

By: _John W. Hudson_

Its: _Manager_

STATE OF MONTANA      )
                               :ss.

County of Gallatin           )

        On this _____ day of _____, 2013, before me, a notary public for the state of Montana, personally appeared **JOHN W. HUDSON**, known to me to be the _Manager_ of SADDLE VIEW PROPERTIES, LLC and the person whose name is subscribed to the foregoing, and acknowledged to me that he executed the same. In witness whereof, I hereunto set my hand and affix my official seal the day and year first above written.

SEAL

JESSICA D DUNBAR
NOTARY PUBLIC for the
State of Montana
Residing at Three Forks, Montana
My Commission Expires
July 18, 2016

_Signed_ _____
Printed Name: _____
Notary Public for the State of Montana
Residing at _____
My Commission Expires: _____

### CAUTION: READ BEFORE SIGNING

DATED this _15_ day of _December_ 2013.

YELLOWSTONE HERITAGE CONSTRUCTION

By: Sean Lewis

and

By: Donny Dinger

STATE OF MONTANA    )
                    :ss.
County of _Park_    )

    On this _15_ day of _December_ 2013, before me, a notary public for the state of Montana, personally appeared **SEAN LEWIS**, on behalf of Yellowstone Heritage Construction, known to me to be the person whose name is subscribed to the foregoing, and acknowledged to me that he executed the same. In witness whereof, I hereunto set my hand and affix my official seal the day and year first above written.

SEAL

Printed Name: _____
Notary Public for the State of Montana
Residing at _____
My Commission Expires: _____

STATE OF MONTANA    )
                    :ss.
County of _____ )

    On this ____ day of _____, 2013, before me, a notary public for the state of Montana, personally appeared **DONNY DINGER**, also on behalf of Yellowstone Heritage Construction, known to me to be the person whose name is subscribed to the foregoing, and acknowledged to me that he executed the same. In witness whereof, I hereunto set my hand and affix my official seal the day and year first above written.

SEAL

Printed Name: _____
Notary Public for the State of Montana
Residing at _____
My Commission Expires: _____

SETTLEMENT AGREEMENT AND MUTUAL RELEASE                     Page 5

2013-12-13 09:55          keller pkwy                    >>                    P 2/2

## CAUTION: READ BEFORE SIGNING

DATED this _13_ day of _December_, 2013.

YELLOWSTONE HERITAGE CONSTRUCTION

By: Sean Lewis

and

By: Donny Dinger

STATE OF MONTANA          )
                          :ss.
County of _____     )

     On this ____ day of _____, 2013, before me, a notary public for the state of Montana, personally appeared **SEAN LEWIS**, on behalf of Yellowstone Heritage Construction, known to me to be the person whose name is subscribed to the foregoing, and acknowledged to me that he executed the same. In witness whereof, I hereunto set my hand and affix my official seal the day and year first above written.

Printed Name: _____
Notary Public for the State of Montana
**SEAL**                                    Residing at _____
My Commission Expires: _____

          Texas
STATE OF ~~MONTANA~~          )
                             :ss.
County of _Tarrant_          )

     On this _13_ day of _December_, 2013, before me, a notary public for the state of ~~Montana,~~ Texas personally appeared **DONNY DINGER**, also on behalf of Yellowstone Heritage Construction, known to me to be the person whose name is subscribed to the foregoing, and acknowledged to me that he executed the same. In witness whereof, I hereunto set my hand and affix my official seal the day and year first above written.

Printed Name: _Andres Flores_
Notary Public for the State of ~~Montana~~ Texas
**SEAL**                                    Residing at _980 Keller Pkwy Keller, TX 76248_
My Commission Expires: _June 20, 2016_

ANDRES FLORES
My Commission Expires
June 20, 2016

SETTLEMENT AGREEMENT AND MUTUAL RELEASE                    Page 5

# ADDENDUM-1

## UNITED STATES DISTRICT COURT
### District of Montana
### Butte Division

| | | |
|---|---|---|
| Montana Fair Housing, Inc., | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 2:12-CV-00012-SEH |
| versus | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| Overlook Place Condominium Unit | ) | |
| Owners Association, Inc., et al. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

The parties agree to cooperate with one another should the need for any extensions of time are needed to complete the construction contemplated by the Consent Order in the above-captioned matter.

In addition, the parties understand that the plans attached as Exhibit 2 to the Consent Order in the above-captioned matter currently show a sidewalk that, as designed, would require the removal of a mature tree. The parties agree to work together to reroute the sidewalk to avoid the need to remove the mature tree,

provided that the rerouting complies with the Fair Housing Act 42 U.S.C. §§

3601-3619.    Plaintiff Montana Fair Housing, Inc. shall be provided a drawing

showing the rerouted sidewalk prior to the same being constructed.